## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

DANA MARIE DURBOROW,

        Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner, Social Security
Administration,

        Defendant.

Case No. 16-CV-267-FHM

## OPINION AND ORDER

Plaintiff, Dana Marie Durborow (also known as Dana Marie Batie), seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's July 23, 2013, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Richard J. Kallsnick was held October 7, 2014. By decision dated December 17, 2014, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on March 11, 2016. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 52 years old on the alleged date of onset of disability and 53 on the date of the ALJ's denial decision. She has a high school education and formerly worked as a housekeeping cleaner, gambling cashier, and fence builder. She claims to have been unable to work since May 15, 2013 as a result of degenerative disc disease of the lumbar spine, obesity, bipolar disorder, depression, and anxiety.

## **The ALJ's Decision**

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) with the limitation of performing simple tasks with routine supervision, she can relate to co-workers and supervisors on a superficial work basis, but cannot relate to the public. [R. 45]. The ALJ found that she can perform her past relevant work as a housekeeping cleaner and further, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step four of the five-step evaluative sequence for determining whether

a claimant is disabled with an alternative step five finding. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**Plaintiff's Allegations**

Plaintiff asserts that the ALJ erred in failing to give greater weight to the opinions expressed by her treating therapist and counselor, Ty Wood, M.A., L.P.C., B.H.C., and that failure affected the RFC finding.

**Analysis**

Social Security Ruling (SSR) 06-3p, 2006 WL 2329939, requires that opinions even from those who are not "acceptable medical sources" be evaluated and weighed. According to SSR 06-3p, information from those who are not "acceptable medical sources" cannot establish the existence of a medically determinable impairment, but information from those "other sources" may be based on special knowledge of the individual and may provide insight into the severity of the impairment and how it affects the ability to function. *Id.* at *2. Accordingly, SSR 06-3p instructs that information from "other sources" should be evaluated on the basis of how long the source has known the claimant and how frequently the source has seen the individual, the consistency with the other evidence, the degree to which the source presents relevant evidence to support an opinion, how well the source explains the opinion, whether the source has a particular expertise related to the individual's impairment, and any other factors that tend to support or refute the opinion. *Id.* at * 5.

The ALJ stated he gave little or no weight to the opinion of Mr. Wood that Plaintiff was markedly limited: in the ability to complete a normal workday and workweek without

3

interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and in the ability to accept instructions and respond appropriately to criticism from supervisors. [R. 50, 402]. Plaintiff argues that the reasons the ALJ stated in his decision for affording Mr. Wood's opinion little weight are not sound or well-supported by the record as a whole.

In conformity with the Commissioner's regulations, 20 C.F.R. § 404.1513(d), 416.913(d), the ALJ noted that Mr. Wood is not an acceptable medical source, but that his evidence could be used to show the severity of an impairment or how it affects an individual's ability to work. [R. 50]. The ALJ accurately noted that Mr. Wood had only treated Plaintiff for two months at the time he issued his opinion about Plaintiff's ability to perform work-related activities. Further, the ALJ observed that Mr. Wood's treatment dealt mainly with family issues and conflict. The ALJ stated that the opinion was not supported by medical evidence as Plaintiff felt stable since her release from the hospital and medication had been helpful. [R. 50].

The court finds the reasons listed by the ALJ to be appropriate considerations (how long has source known claimant, consistency with other evidence, and type of treatment as an other factor). *See Social Security Ruling* (SSR) 06-03p, 2006 WL 2329939 at * 3. The ALJ accurately noted the opinion by the mental consultative examiner and the records that reflect Plaintiff was successfully managed on an outpatient basis with monthly/bimonthly medication management and limited case management and individual therapy. [R. 51]. The records supporting the ALJ's conclusions are accurately summarized in the decision. The court finds the reasons to be supported by substantial evidence.

4

As reflected in footnote 2, Plaintiff's application for disability benefits underwent four levels of review by the Social Security Administration. Only after Plaintiff's claim was denied at all four levels, did it reach this court. By statute, the court's review of the Social Security Administration's findings of fact is highly deferential. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive [.]" 42 U.S.C. § 405(g).[2] Therefore, to establish factual error Plaintiff must show that the evidence is so overwhelming that no reasonable ALJ would fail to make the finding Plaintiff asserts is proper. Absent such a showing, the court is bound by the determination made by the ALJ as the finder of fact.

Plaintiff argues for a different conclusion by pointing out information within the medical record which might arguably support a conclusion different from the one reached by the ALJ. However, the mere existence of contrary evidence in the record does not require remand if the decision is otherwise supported by substantial evidence. The court finds that Plaintiff has not demonstrated the absence of substantial evidence in the record to support the ALJ's decision.

## **Conclusion**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

---

[2] *See also Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007)(on appeal court reviews only sufficiency of evidence, not its weight); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (court may not reweigh evidence and displace agency choice between two fairly conflicting views, discussing meaning of substantial evidence); *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994) (evidence is insubstantial if it is overwhelmingly contradicted by other evidence).

SO ORDERED this 22nd day of May, 2017.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE